## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| Caliph Manley | : CIVIL ACTION |
| 5449 Sansom Street | : |
| Philadelphia, PA  19139 | : |
| | : |
| v. | : |
| | : |
| City of Philadelphia | : NO. |
| 1515 Arch Street, One Parkway | : |
| Philadelphia, PA   19102 | : |
|         And | : |
| Police Officer Robert Oakes Individually and as an | : |
| Officer for the City of Philadelphia | : |
| Police Department | : |
| 1515 Arch Street-One Parkway | : |
| Philadelphia, PA   19102 | : |
|         And | : |
| Police Officer Terrelle Greene Individually and as an | : |
| Officer for the City of Philadelphia | : |
| Police Department | : |
| 1515 Arch Street-One Parkway | : |
| Philadelphia, PA   19102 | : |

_____

## **COMPLAINT**

Plaintiff Caliph Manley, by and through his attorney I. Michael Luber, Esquire, files this Complaint against Defendants the City of Philadelphia, Police Officer Robert Oakes and Police Officer Terrelle Greene, in their official and individual capacities, and in support thereof avers as follows:

### **The Parties**

1.  Plaintiff Caliph Manley is an adult individual who resides at 5449 Sansom Street, Philadelphia, Pa.

2. Defendant City of Philadelphia is a city of the First Class and has a registered office for process of service located 1515 Arch Street, Philadelphia, PA. At all material times relevant hereto Defendant City of Philadelphia acted by and through its duly authorized employees, agents, workers and/or representatives acting within the scope of their employment.

3. Defendant Police Officer Robert Oakes was at all times relevant to this action an Officer with and for the City of Philadelphia Police Department and acting under the color of state and/or local law, whose office for process of service is located 1515 Arch Street, Philadelphia, Pa.. Officer Oakes is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

4. Defendant Police Officer Terrelle Greene was at all times relevant to this action an Officer with and for the City of Philadelphia Police Department and acting under the color of state and/or local law, whose office for process of service is located 1515 Arch Street, Philadelphia, Pa.. Officer Greene is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. At all times relevant, Officers Oakes and Greene acted under color of state law, and were acting as the agents, representatives and/or employees of Defendant City of Philadelphia Police Department.

## Jurisdiction and Venue

6. This action is brought pursuant to 842 U.S.C. §1983.

7. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343(a)(3) and (4).

8. Venue is proper in this Court pursuant to 28 U.S. C. §1391 because the events that give rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

## Factual Allegations

9. On or about November 27, 2011 the Defendants Oakes and Greene were on duty and are believed to have been working undercover in the area of 52nd and Arch Streets, in the City of Philadelphia.

10. The Plaintiff was lawfully walking down the street at the aforesaid location when the Defendant Officers jumped from an unmarked car and struck the Plaintiff with a closed fist in the head for no reason apparent to the Plaintiff.

11. The Defendant Officers then twisted the Plaintiff's arm, threw him against a gate and then threw him to the ground.

12. At no time did the Plaintiff ever threaten the Defendant Officers either verbally or physically.  Despite the compliant and placid behavior of the Plaintiff the said Officers continued to physically assault the Plaintiff while on the ground by hitting and kicking him about his face and body.

13. As a direct and proximate result of the actions or inactions of the Defendant Officers the Plaintiff sustained abrasions, lacerations and contusions to his face and body, cervical strain and sprain, thoracic strain and sprain, lumbar strain and sprain, left shoulder sprain and strain, left brachial plexopathy, L5-S1 disc herniation with L5 nerve root involvement, disc protrusions at C2-3, C3-4 with C4 nerve root involvement, and protrusions at C5-6 and C6-7.

14. As a direct and proximate result of the Defendant Officers actions or inactions, the Plaintiff was deprived of the rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being questioned and the right to due process of law

15. As a direct and proximate cause of the Defendant Officers actions the Plaintiff was caused to suffer a deprivation of liberty.

16. As a direct and proximate cause of the Defendant Officers actions the Plaintiff was caused to sustain injury, pain, suffering and a loss of life's pleasures some of which may continue indefinitely into the future.

17. As a direct and proximate result of the actions or inactions of the Defendant Officers the Plaintiff has been caused to suffer mental anguish, emotional distress, grief, fright, humiliation, anger and chagrin to a degree that no reasonable person should expect to endure.

18. The level of force used against the Plaintiff on November 27, 2011, by Defendant Officers was unnecessary, unreasonable and excessive.

19. Defendant Officers used unreasonable and excessive force in taking Plaintiff into custody in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and the Pennsylvania Constitution in that Defendant Officers violently assaulted the Plaintiff.

20. At all times relevant to the subject matter described in this Complaint, the Defendant Officers were engaged in a joint venture.

21. At all times relevant to the subject matter described in this Complaint the Defendant Officers assisted each other in performing the various actions described and lent their physical presence, support and authority of their office to each other during the events described.

22. At all material times relevant hereto the said conduct of the Defendant Officers was outrageous and intolerable to the sensibility of a reasonable person

23. The actions and/or inactions of the Defendant Officers violated the clearly established federal constitutional rights of the Plaintiff of freedom from use of excessive, unreasonable and unjustified force against his person and the right to due process of law.

24. The actions of the Defendant Officers were in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution stood idle and failed to intervene, stop or otherwise prevent his fellow Officer from using unreasonable and excessive force while taking Plaintiff into custody.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants for compensatory damages, punitive damages, interest, attorney's fees, coasts, and such other and further relief that this Honorable Court may deem just and appropriate.

## COUNT I

### Plaintiff v. Defendant City of Philadelphia

25. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if set forth at length.

26. At all times relevant, Defendant City of Philadelphia was responsible for the overall selection, hiring, training and retention of its officers, and was ultimately responsible for the departmental accountability of all the members of its force, including Officers Oakes and Greene.

27. At all times relevant, Officers Oakes and Greene acted under color of state law, and were acting as the agents, representatives and/or employees of Defendant City of Philadelphia.

28. At all times relevant, Defendant City of Philadelphia developed, instituted and/or acquiesced to procedures, policies, practices and /or customs that tacitly endorsed and permitted the conduct and use of excessive and unnecessary force of Officers Oakes and Greene as set forth above.

29. At all times relevant, Defendant City of Philadelphia was aware of similar conduct in the past, but failed to take steps necessary to prevent such conduct in the future, as demonstrated by the conduct of Officers Oakes and Greene.

30. Defendant City of Philadelphia had a duty to safeguard Plaintiff's constitutional rights, which duty it ignored and abandoned due to deliberate indifference.

31. Said Defendant's failures caused a loss and deprivation of Plaintiff's rights as secured by the United States Constitution.

32. At all times relevant, the conduct of Officers Oakes and Greene, as set forth above, demonstrates Defendant City of Philadelphia's custom, policy, pattern and/or practice of violating the rights of citizens, failure in its duties and responsibilities to uphold the law and protect the citizens, and its deliberate indifference to the rights of its citizens, including Plaintiff.

33. Defendant City of Philadelphia is responsible for the promulgation, adoption, and implementation of policies, protocols, practices, customs and procedures for its officers to properly interact with citizens without causing the deprivation of their constitutional rights.

34. Defendant City of Philadelphia permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of citizens by its Officers;

35. The conduct of Officers Oakes and Greene as set forth above demonstrates that Defendant City of Philadelphia:

    a. Failed to implement appropriate policies, practices and procedures;

    b. Failed to implement appropriate policies, practices and procedures for the proper use of force;

c. Maintained procedures, policies, practices and /or customs that tacitly endorsed and permitted the conduct and use of excessive and unnecessary force of Officers Oakes and Greene set forth above;

d. Failed to take steps necessary to prevent the improper use of excessive force of which it had been aware in the past, as demonstrated by the conduct of Officers Oakes and Greene;

e. Failed to acknowledge that its policies, practices and procedures were inadequate to properly train its Officers as to the use of force;

f. Failed to adequately train, supervise, review, monitor and discipline the conduct of its Officers;

g. Failed to properly monitor and/or supervise its Officers to ensure the proper of force;

h. Failed to develop appropriate policies, practices and procedures to ensure that its Officers were using force appropriately;

i. Failed to enforce the policies, practices and procedures to ensure that its Officers were exercising the use of force appropriately; and

j. Failed to take the appropriate disciplinary measures against its officers, including Officers Oakes and Greene.

36. By failing to properly develop, implement and enforce policies, protocols, procedures and customs to ensure that its Officers used force only in a proper manner when necessary, Defendant City of Philadelphia exhibited a deliberate indifference to the rights of its citizens of the United States and of this Commonwealth, such a Plaintiff.

37. As a direct and proximate result of the Defendant's failures as set forth above, Defendant City of Philadelphia cultivated, developed, and/or acquiesced to a custom, policy, procedure and protocol of tolerating and/or avoiding its officers' shortcomings, including the conduct of Officers Oakes and Greene as set forth above.

38. As a direct and proximate result of Defendant's aforesaid failures, Plaintiff was caused to endure pain, suffering, anxiety, anguish, fear, loss of liberty and loss of enjoyment of life, all to his great detriment.

39. The actions and failures to act of Defendant City of Philadelphia set forth above were outrageous, and demonstrated deliberate indifference toward and reckless, wanton disregard for the rights, health, safety and welfare of Plaintiff, justifying an award of punitive damages.

40. Pursuant to 42 U.S.C. §1988, Plaintiff seeks attorney's fees and the costs of the pursuing this action.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant City of Philadelphia for compensatory damages, punitive damages, interest, attorney's fees, coasts, and such other and further relief that this Honorable Court may deem just and appropriate.

## COUNT II

### Plaintiff v. Officer Oakes and Officer Greene
### Violation of Rights Secured by the United States Constitution
### Pursuant to 42 U.S.C. §1983

41. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if set forth at length.

42. At all times relevant, Officers Oakes and Greene acted under color of state law, and were acting as the agents, representatives and/or employees of Defendant City of Philadelphia.

43. The actions, conduct and failure to act of all Defendants described above further constitute assault, battery, false arrest, false imprisonment under the laws of the Commonwealth of Pennsylvania.

44. Officers Oakes and Greene used unlawful force against Plaintiff to an unlawful arrest.

45. Even if the arrest had been lawful, which is denied, the force used by Defendant Officers Oakes and Greene was excessive and unlawful.

46. The unlawful force used by Officers Oakes and Greene inflicted pain and physical injury upon Plaintiff.

47. As a direct and proximate result of Defendants' actions in violation of Plaintiff's civil and constitutional rights, Plaintiff was caused to endure severe pain, suffering, anxiety, anguish, fear, loss of liberty and loss of enjoyment of life, all to his great detriment.

48. The actions of Officers Oakes and Greene described above were outrageous, and demonstrated deliberate indifference toward and reckless, wanton disregard for the rights, health, safety and welfare of Plaintiff, justifying an award of punitive damages.

49. Pursuant to 42 U.S.C. §1988, Plaintiff seeks attorney's fees and the costs of the pursuing this action.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants for compensatory damages, punitive damages, interest, attorney's fees, coasts, and such other and further relief that this Honorable Court may deem just and appropriate.

### COUNT III

### Plaintiff v. All Defendants
### Violation of Rights Secured by the United States Constitution
### Pursuant to 42 U.S.C. §1983

50. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs as if set forth at length.

51. At all times relevant, Defendant City of Philadelphia was responsible for the overall selection, hiring, training and retention of its officers, including Officers Oakes and Greene, and was ultimately responsible for the Departmental accountability of all the members of its force.

52. At all times relevant, Officers Oakes and Greene acted under color of state law, and were acting as the agents, representatives and/or employees of Defendant City of Philadelphia.

53. At all times relevant, Defendant City of Philadelphia developed, instituted and/or acquiesced to procedures, policies, practices and /or customs that tacitly endorsed and permitted the conduct and use of excessive and unnecessary force of Officers Oakes and Greene set forth above.

54. At all times relevant, Defendant City of Philadelphia was aware of similar conduct in the past, but failed to take steps necessary to prevent such conduct in the future, as evidenced by the conduct of Officers Oakes and Greene.

55. Defendants' had a duty to safeguard Plaintiff's constitutional rights, which duty was ignored and abandoned.

56. Defendants' failures caused a loss and deprivation of Plaintiff's rights as secured by the United States Constitution.

57. At all times relevant, the conduct of Officers Oakes and Greene, as described above, demonstrates a custom, policy, pattern and/or practice of violating the rights of citizens, failure

in its duties and responsibilities to uphold the law and protect the citizens, and its deliberate indifference to the rights of its citizens.

58. Defendant City of Philadelphia is responsible for the promulgation, adoption, and implementation of policies, practices, procedures, customs and protocols for its officers to properly interact with citizens without causing the deprivation of their constitutional rights.

59. Defendant City of Philadelphia permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of citizens by Officers Oakes and Greene.

60. The outrageous conduct of Officers Oakes and Greene as set forth above demonstrates that they and Defendant City of Philadelphia violated Plaintiff's constitutional rights in that they:

    a. Failed to implement appropriate policies, practices and procedures;

    b. Failed to implement appropriate policies, practices and procedures for the proper use of force;

    c. Maintained procedures, policies, practices and /or customs that tacitly endorsed and permitted the conduct and use of excessive and unnecessary force of Officers Oakes and Greene set forth above;

    d. Failed to take steps necessary to prevent the improper use of excessive force of which it had been aware in the past, as demonstrated by the conduct of Officers Oakes and Greene;

    e. Failed to acknowledge that its policies, practices and procedures were inadequate to properly train its Officers as to the use of force;

    f. Failed to adequately train, supervise, review, monitor and discipline the conduct of its Officers;

    g.  Failed to properly monitor and/or supervise its Officers to ensure the proper of force;

    h.  Failed to develop appropriate policies, practices and procedures to ensure that its Officers were using force appropriately;

    i.  Failed to enforce the policies, practices and procedures to ensure that its Officers were exercising the use of force appropriately; and

    j.  Failed to take the appropriate disciplinary measures against its Officers Oakes and Greene,

61. By failing to properly develop, implement and enforce policies, protocols, procedures and customs to ensure that its officers used force only in a proper manner when necessary, Defendant City of Philadelphia and Officers Oakes and Greene exhibited a deliberate indifference to the rights of its citizens of the United States and of this Commonwealth, such a Plaintiff.

62. As a direct and proximate result of the Defendants' actions as described above, Defendant City of Philadelphia cultivated, developed, and/or acquiesced to a custom, policy, procedure and protocol of tolerating and/or avoiding its officers' shortcomings, including the conduct of Officers Oakes and Greene as set forth above.

63. As a direct and proximate result of Defendants' aforesaid conduct, Plaintiff was caused to endure pain, suffering, anxiety, anguish, fear, loss of liberty and loss of enjoyment of life, all to his great detriment.

64. The actions and failures to act of Defendants described above were outrageous, and demonstrated deliberate indifference toward and reckless, wanton disregard for the rights, health, safety and welfare of Plaintiff.

65. Pursuant to 42 U.S.C. §1988, Plaintiff seeks attorney's fees and the costs of the pursuing this action.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against all Defendants for compensatory damages, punitive damages, interest, attorney's fees, coasts, and such other and further relief that this Honorable Court may deem just and appropriate .

## COUNT IV – EXCESSIVE FORCE
### ARTICLE I §§ 8 AND 9 OF THE PENNSYLVANIA CONSTITUTION
### Plaintiff  vs. Individual Defendants, Oakes and Greene

66. Plaintiff incorporates the allegations of paragraphs 1 through 58 as though same were more fully set forth herein at length.

67. As aforesaid, Defendant Officers Oakes and Greene deprived the Plaintiff of his rights, privileges and immunities under the Laws and Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in his person, and to be free from the use of excessive force, all of which actions violated the Plaintiff's rights under Article I §§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

68. As aforesaid Defendant Officers Oakes and Greene intentionally and maliciously humiliated, threatened, abused, assaulted and battered the Plaintiff and used their position of authority, illegally and improperly to punish the Plaintiff by the above described actions, all of which violated the Plaintiff's rights under Article I §§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

69. As aforesaid Defendant Officers Oakes and Greene  intentionally and maliciously assaulted and battered the plaintiff and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the Plaintiff's rights

under Article I §§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

70. As a direct and proximate result of the malicious, intentional and/or reckless actions of Defendant Officers Oakes and Greene the Plaintiff suffered the injuries that are described above.

71. The actions of Defendant Officers Oakes and Greene were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants for compensatory damages, punitive damages, interest, attorney's fees, coasts, and such other and further relief that this Honorable Court may deem just and appropriate.

## COUNT V- ASSAULT AND BATTERY

### Plaintiff vs. Individual Defendants, Oakes and Greene

72. Plaintiff incorporates the allegations of paragraphs 1 through 69 as though same were more fully set forth herein at length

73. Defendant Officers Oakes and Greene intentionally engaged in physical contact with the Plaintiff.

74. Defendant Officers Oakes and Greene physical contact with the Plaintiff was harmful or offensive.

75. Defendant Officers Oakes and Greene harmful and offensive physical contact with Plaintiff was performed without the Plaintiff's consent.

76. As a direct and proximate result of the Defendant Officers Oakes and Greene harmful and offensive touching Plaintiff was caused to suffer various injuries, harm, loss and expense as set forth above.

77. As a direct and proximate result of the Defendants' actions Plaintiff was caused to suffer those various injuries, losses and expenses as set forth above.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants for compensatory damages, punitive damages, interest, attorney's fees, coasts, and such other and further relief that this Honorable Court may deem just and appropriate.

BY: \_\_\_\_\_MIL5923_____
 I. MICHAEL LUBER , ESQUIRE
 Attorney for Plaintiff
 Attorney ID. No. 02041
 1760 Market Street, Suite 1100
 Philadelphia, PA  19103
 (215) 496-1000